The Court GRANTS leave to file.
Signed by Chief Judge James E. Boasberg on 8/4/2023.

UNTIED STATES OF AMERICA

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
PLAINTIF,

CASE No. ~~1:21-MJ-00655-2MF~~
CR 21-736 (JEB)

v.

MARK ANDREW MAZZA,
DEFENDANT.

MOTION REGARDING
RETURN OF PROPERTY



RECEIVED
Mail Room

JUL 24 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Defendant, Mark Andrew Mazza, #74953-509, is respectfully requesting this Court to GRANT Defendant's Motion 'Return of Property,' pursuant to 18 U.S.C. 983(e); 18 U.S.C. 983(a); and the Civil Asset Forfeiture Reform Act ("CAFRA") under 18 U.S.C. 981, 983. Defendant was convicted of 18 U.S.C. 111(a)(1) and (b); and 22 D.D.C. 4504(a).

## BACKGROUND

As only a general summary, the following is a synopsis from the government's perspective and also the cause for Defendant's indictment - pulled from the transcripts of various federally prosecuted prisoners. As Congress convened on January 6, 2021, to certify the results of the 2020 presidential election in favor of Joseph R. Biden, Jr., thousands of supporters of the losing candidate, Donald J. Trump, converged on the United States Capitol to challenge the proceedings. The Trump supporters swarmed the building, overwhelming law enforcement officers who attempted to stop them. The chaos wrought by the assembled masses forced members of Congress to stop the citification and flee for safety. Congress was not able to resume its work for six hours.

## POINTS AND AUTHORITIES

Defendant, is attempting to resolve the remaining property of Defendant's that was seized by the U.S. Government during their execution of the raid on Defendant's home, in the aftermath of what is known as 'the storming of the United States Capitol Building by rioters.' The material possessions that were seized give rise to the merits of this motion, herein. Although, the seized property that Defendant is pursuing to regain physical ownership over, was never at any point listed as the Court's forfeiture order. The property that Defendant is seeking, is property that was purchased by Defendant, is owned by Defendant, and Defendant has a liberty interest in the recovery and protection of, said property. While Defendant has material property that was subject to a forfeiture order in the above styled case Defendant is seeking return of all material held by the government. Further these inventoried items are not listed as evidence or have any value to the government any longer, but also is not subject to the Court's forfeiture order.

Lopez v. United States, 2006 U.S. Dist. LEXIS 69113, 2006 WL 2788999, at *10 (D.D.C. Sep. 26, 2006) "persons who might have a claim of ownership of the [seized] asset must be given notice of their right to contest the forfeiture[.] See, McKinney v. United States DOJ DEA, 580 F. Supp. 2d 1, 3 (D.D.C. 2008); see 18 U.S.C. 983(a). Under certain conditions, if a person fails to receive such, notice, they "may file a motion to set aside a declaration

of forfeiture[.]" 18 U.S.C. 983(3). The statute 18 U.S.C. 983(e) which ("provides the "exclusive remedy" for seeking to set aside a declaration of forfeiture under a civil forfeiture statute").

The Court must grant such motion if "(A) the government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice," and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. 983(e)(1). Such a claim "may be filed no later than (5) years after the date of final publication of notice of seizure of the property." Id. 983(e)(3).

Defendant is claiming that the Government has never at any point received any type of notice to the property being alleged, herein. Defendant has reached out through Counsel and members of Defendant's family and was briefed on the Government's positioning in regards to the property being mentioned and the Government is not opposing this request for any reason or on any grounds. The Government is, in fact, conceding that there are no procedural hurdles that Defendant would be contrary to the Government's opinion for the forfeiture request.

Defendant is residing at FCI-Milan, in Milan, Michigan. Due to the limitations of Defendant serving a federal prison sentence is has left Defendant with only the option for submitting the current motion. Knowing that the Government is in complete compliance and agreement that what Defendant is seeking is proper and within reason, Defendant does not believe there are any grounds for the Court to deny this request.

Defendant is cognitive and aware that Defendant entered into a plea agreement that have safeguards in specific regards to forfeiture. A forfeiture order entered by the Court is mandatory and part of Defendant's sentence. Defendant acknowledges the agreement to a preliminary order of forfeiture, pursuant to Fed. R. Crim. P. 32.2(b)(2). That any and all property, in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21 U.S.C. Section 853(p)) as incorporated by Title 18 U.S.C., Section 982(b)(1) and Title 28 U.S.C. Section 2461. Defendant admits to agreeing not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment filed in this case. Defendant has waived any right to receive any notice or pleadings filed in any forfeiture action related to the conduct described in the Indictment and a default or final judgement of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's counsel. Even with the waiver, Defendant's request still has merit and is a reasonable request for the return of property all while still upholding the agreement.

Defendant understands that the agreement waives all rights to any further notice or right to participate in any ancillary proceedings, or any other proceeding pertaining to this forfeiture. This is because the requirements of Fed.

R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the indictment, forfeiture at sentencing, and the incorporation of the forfeiture in the judgement.

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "Property" is defined to include "documents, books, papers, any other tangible objects, and information." Fed. R. Crim. P. 41(a)(2)(A). Rule 41(g) may be used to begin proceedings to "recover seized property that the government has seized after the end of a criminal case." Bullock v. United States, 176 F. Supp. 3d 517, 523 (M.D. N.C. 2016) (quoting United States v. Soza, 599 F. App'x 69, 70 (4th Cir. 2015)); see also United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995).

Defendant recognizes that if the property is still being held as evidence in pending criminal matters it could warrant a denial on Defendant's motion, herein. At the conclusion of criminal proceedings, the person from whom the property was seized is presumed to have a right to its return. United States v. Roca, 676 F. App'x 194, 194 (4th Cir. 2017). However, when a criminal prosecution is still pending, "the movant bears the burden of demonstrating [his] entitlement to the return of the property." Id. Therefore, the movant is not entitled to the lawful possession of the seized property if "the government's need for the property as evidence continues." Bullock, 176 F. Supp. 3d at 523; also Hill v. United States, 296 F.R.D. 411, 414 (E.D. Va. 2013) (quoting United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002)), aff'd, 567 F. Appx 202 (4th Cir. 2014).

## CONCLUSION

Defendant, has effectively summarized the basic framework and principle factors that guide this Court on executing a resolution to Defendant's motion at hand. Defendant has been convicted and is timely requesting the return on all material that is not subject to this Court's forfeiture order, has no substantial value to the government for supporting their investigation, or necessary in securing the finality of my conviction and sentence. The material that is outside the scope of the Court's forfeiture order is of great value to the Defendant and also does not disturb the four corners of Defendant's plea agreement and appeal waiver. Defendant has a plan of action upon the Court granting Defendant's motion for the property to be released to a family member in Springfield, ~~Indiana~~ Tenn. Defendant is respectfully requesting and PRAYING that this Court GRANT Defendant's Motion 'Return of Property'

mail to: Charles Mazza

Date: 18 July, 2023

Respectfully Submitted: _____

Mark Andrew Mazza, # 74953-509
Pro se Defendant

## DECLARATION

I, Mark Andrew Mazza, am the Defendant in this action and swear, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. this Motion was created on July 18, 2023, in Milan, Michigan, at FCI-Milan.

In addition because of the federal prison mailbox rule and how our legal mail system works here, Defendant is declaring that this motion was finished on July 18, 2023. The Supreme Court established the "mailbox rule" in Houston v. Lack, 487 U.s. 266, 108 S. Ct. 2379, 101 l. Ed. 2d 245 (1988). There, the court decided that a notice of appeal filed by a pro se prisoner would be considered "filed" at the time of delivery to prison authorities, rather than at the later point in time when the notice arrived at the court. The "mailbox rule" has since been extended to cover numerous other court filings by pro se prisoners.

Date: 18 July, 2023

Respectfully Submitted: _____
Mark Andrew Mazza, #74953-509
Pro se Defendant

## NOTICE

The Defendant respectfully requests that the following document and all of its contents be filed per Local Rule LR IC 1-1 via ECF to expedite the filing and minimize the cost of filing pro se. The Local Rules provide with a means of notifying the government of the filing of the petition: The Defendant in this case is the only party that requires a "Paper Cop-Out," this notice is done in compliance with the Local Rules and in the interest of justice.